■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORISELL McNAIR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 10, 1975, convicting him of robbery in the first degree (five counts), attempted assault in the first degree and possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No contentions are raised with respect to the facts. At the trial only one of the four testifying robbery victims identified defendant as one of the robbers. Other identification of defendant as one of the robbers was made by Henry Bryant. Bryant, however, by his own admission, was one of the three robbers. Mark Cody—although disclaiming any participation in or knowledge of the robbery—admitted driving the car in which Henry Bryant and, allegedly, the defendant, fled. Defendant testified and totally denied participation or involvement in the robbery. We find that the following errors were committed and that, in the light of the nature and quality of the identification evidence, they were highly prejudicial: (1) Prosecution witness Hezekiah

Lewis, one of the robbers, exculpated defendant. The prosecution then clearly impeached him by alleged prior contradictory statements which, though oral, were unsworn. This constituted a direct violation of CPL 60.35 and constituted unsworn testimony by the prosecutor. (2) The cross-examination of defendant concerning robberies other than those for which he was being tried was a direct violation of the letter and spirit of the parties' Sandoval stipulation and the rationale of *People v Sandoval* (34 NY2d 371) itself. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.